UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIEL JOHNSON, | : |
| Plaintiff, | : |
| v. | : No. 2:16-cv-05287 |
| JOHN N. PERSON, | : |
| Defendant. | : |

# **O P I N I O N**

**Plaintiff's Motion for Reconsideration, ECF No. 39 – Denied**
**Plaintiff's Motion for Leave to Amend, ECF No. 40 – Denied**
**Plaintiff's Motion to be Furnished with Docketing Statement, ECF No. 41 – Granted**

**Joseph F. Leeson, Jr.**                                                                                          **June 19, 2018**
**United States District Judge**

## I. Introduction

Plaintiff Jamiel Johnson, proceeding pro se, has filed a Motion for Reconsideration of this Court's March 30, 2018 Opinion and Order dismissing his Complaint. *See* ECF Nos. 37, 38. For the following reasons, the Motion is denied.

## II. Standard of Review – Motion for Reconsideration

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

"It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through—rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotations omitted). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus.*, 884 F.Supp. 937, 943 (E.D. Pa. 1995).

**III. Analysis**

Johnson requests that the Court reconsider its decision in several respects.

First, he contends that the Court failed to address certain factual allegations supporting his claim that Defendant John N. Person, the Deputy Prothonotary of the Pennsylvania Supreme Court, intentionally and maliciously failed to file his legal papers. In particular, Johnson cites his allegations that he has a copy of an "inmate request slip response" showing that, under the prison mailbox rule, he timely mailed the legal papers at issue in this case, and that Person misapplied Pennsylvania law when he refused to file Johnson's legal papers. *See* Pl.'s Mot. Recons. 3. Although the Court did not specifically mention these allegations in its Opinion, the Court acknowledged Johnson's contention that he timely filed his papers under the prison mailbox rule. The allegations Johnson cites in his Motion for Reconsideration do not affect the Court's determination that Johnson's claims against Person fail because they are barred by sovereign immunity and by the *Heck* doctrine, among other reasons. Accordingly, Johnson's motion for reconsideration on this basis is denied.

Second, Johnson objects to the Court's statement, on page 3 of the Opinion, that Johnson "vaguely asserts various claims under federal and state law." In particular, he contends that the Court should have devoted more detailed consideration to his claims that Person violated Johnson's rights to the equal protection of the laws, procedural due process, and substantive due

process. Johnson, however, has failed to show that he plausibly alleged a claim under any of these doctrines. Accordingly, his motion for reconsideration on this basis is denied.

Third, Johnson objects to the Court's determination that "to establish that Person denied him access to the courts, Johnson would have to show that the underlying challenge to his murder conviction had merit. Such a showing would necessarily imply the invalidity of his intact conviction." *See* Slip op. at 8. He contends that he has shown in his briefing before this Court that his challenge to Pennsylvania's murder statutes has merit. But, as the Court explained in its Opinion, it is barred from considering this matter by *Heck*. Accordingly, Johnson's motion for reconsideration on this basis is denied.

Finally, Johnson objects to the Court's determination that his state law claims against Person are barred by the doctrine of sovereign immunity. He contends that because Person allegedly acted with "malus animus" toward him, Person did not act within the scope of his employment and is not protected by sovereign immunity. But under Pennsylvania law, "the mere existence of a personal motivation is insufficient to relieve the employer from liability where the conduct also benefitted him and was within the scope of employment generally." *Brumfield v. Sanders*, 232 F.3d 376, 380 (3d Cir. 2000). Accordingly, even if Person acted with a bad intention towards Johnson, he was protected by sovereign immunity because his alleged conduct—returning legal papers to Johnson—was within the scope of his employment.

## IV. Conclusion

For the foregoing reasons, the Court denies Johnson's Motion for Reconsideration. As a result, Johnson's Motion to Amend his Complaint is denied as moot. The Court grants Johnson's Motion to be Furnished with a Docketing Statement and a Copy of Motion for Leave to Cure

Defect in Pleadings and, as set forth in the accompanying order, will direct to the Clerk of Court to send Johnson copies of these documents. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge